IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZEBEDIAH HOUSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-1028-SMY-MAB |
| | ) |
| VIRIZON WIRELESS, et al. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court is Plaintiff Zebediah Houser's motion for leave to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 2).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). The statute also requires the Court to dismiss the Complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Houser has submitted the requisite affidavit (Doc. 2), and although he failed to complete some portions, there is sufficient information for the Court to find him to be indigent within the meaning of § 1915(a)(1). Houser is not employed, has no income and has $45 to his name. Based on these facts, the $400.00 filing fee presents a significant hardship.

The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint to determine if it presents any potentially meritorious factual

and legal grounds. The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> Under Rule 8 of the Federal Rules of Civil Procedure, a Complaint must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Because Houser's original Complaint was largely blank, the Court ordered him to file an amended complaint. The Amended Complaint (Doc. 7) is similarly deficient. It names "Virizon Wireless", "Texas Instruments West LLC Insurance Nuvassive Inc.", Qualcomm Communication, the Illinois Secretary of State, the Illinois Attorney General, the City of Effingham, Illinois Police, "Runde Clinic" and "Nividia" as defendants. No address is given for any of these defendants, and there is no indication what any of them have done that he claims injured him. The statement of the claim reads in its entirety: "United States knowing their should be injunctive relief and fraudulently robbing me of a medical assiant relief being known as state officials conditional insurance provided through a contract." *[sic]* His request for relief is little clearer, asking for compensatory damages "for civil har[ass]ment medical negligence

medical insurance fraud [b]reach of contract[.]" However, this request is not sufficient to allow the Court to determine whether it has jurisdiction.

The Court may dismiss a Complaint *sua sponte* if it is obviously deficient on its face. *Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1086 (N.D. Ill. 2015) *citing Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). Here, Houser has again omitted from his filing the three basic requirements of a Complaint specified in Rule 8. As a result, the Complaint fails to state a claim for which relief may be granted, and the Court is unable to accord relief.

Houser has been given an opportunity to amend his complaint, and the defects remain. As such, the Court is left with little choice but to dismiss the Amended Complaint. Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **DENIED without prejudice** and the Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's pending motions are **DENIED as MOOT**. The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**DATED: February 19, 2019**

          **s/ Staci M. Yandle**
          **STACI M. YANDLE**
          **United States District Judge**